**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 9, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARVIN K. SHUE,

      Plaintiff - Appellant,

v.

DION J. CUSTIS, individually, and in
his official capacity; WYOMING
PUBLIC DEFENDER'S OFFICE,

      Defendants - Appellees.

No. 13-8027
(D.C. No. 1:12-CV-00248-ABJ)
(D. Wyo.)

---

MARVIN K. SHUE,

      Plaintiff - Appellant,

v.

DION J. CUSTIS, individually, and in
his official capacity,

      Defendant - Appellee.

No. 13-8045
(D.C. No. 2:13-CV-00081-NDF)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously to grant the parties' request for a decision on the briefs
without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Dissatisfied with the legal representation he received on the way to a criminal conviction and sentence, Marvin Shue brought a civil action *pro se* against his former attorney and his former attorney's former employer. He alleged that his public defender, Dion Custis, attempted to bribe the victim's mother in the hope of winning her support for a lighter sentence. Mr. Shue believes the effort backfired and amounted to ineffective assistance of counsel. Relying on 42 U.S.C. § 1983, he seeks financial compensation from Mr. Custis and the Wyoming Public Defender's Office. After the district court dismissed his complaint for failing to state a valid legal claim, Mr. Shue filed a substantively indistinguishable complaint — though this time against Mr. Custis only. Again, however, the district court dismissed the complaint. Now Mr. Shue appeals both dismissal orders.

Under the federal statute that Mr. Shue invokes, victims of civil rights violations can civilly sue those who wronged them. 42 U.S.C. § 1983. But these suits succeed only when the person who violated the claimant's rights did so while acting "under color" of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). As the district court explained, this requirement poses an insuperable obstacle for Mr. Shue's claims against Mr. Custis — regardless whether Mr. Custis is sued in an individual or official capacity. It is long established that public defenders do

not act under color of state law while providing legal assistance to a client accused of criminal wrongdoing. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). While we share the district court's concern about the tactics Mr. Custis allegedly used in Mr. Shue's defense, there is no doubt he used those tactics *in Mr. Shue's defense*. And so although Mr. Custis's alleged actions don't qualify as good lawyering, neither do they qualify as grounds for a § 1983 claim.

Mr. Shue's complaint doesn't exactly specify why he is entitled to relief against the Wyoming Public Defender's Office. So far as we can tell, though, the gist of his claim against them is that they should have kept a closer watch on their employee, Mr. Custis. But because a § 1983 action can't be based on such a theory of supervisor liability, this claim cannot succeed either. *Polk Cnty.*, 454 U.S. at 325 ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability.").

Because we affirm its dismissals of Mr. Shue's complaints for the reasons given above, we do not need to address the other reasons the district court offered in its dismissal orders — including the defendants' potential immunity from suit and Mr. Shue's failure to plead (as § 1983 would here require) that his conviction or sentence has been invalidated in some way. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Mr. Shue's motions to proceed *in forma pauperis* are granted, his motions to enter evidence are denied, and the judgments of the district court are affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge